Melnick, J.
¶31 (concurring) — Because the law has changed since the trial court sentenced Guadalupe Solis-Diaz, I concur that his sentence must be reversed and the matter should be remanded for a new sentencing hearing. I write solely to express my disagreement with the majority’s opinion mandating what the sentencing court must consider on remand. The “Nature of the Inquiry on Resentenc-ing” section exceeds the scope of what we have to decide, and anticipates the evidence the parties will present to the sentencing court. Majority at 139-41. The majority improp *145 erly establishes the sentencing court’s scope on remand. First, the parties did not brief this issue, and we should not consider it. RAP 12.1(a). Second, because the resentencing has not occurred, the issue is not before us. If the parties do not present ah of the evidence the majority opinion orders the sentencing court to consider, it cannot comply. Third, if the sentencing court fails to comply with applicable law, Solis-Diaz will once again have the right to appeal. Lastly, I have faith that the trial court will follow the law and properly consider ah of the relevant evidence the parties present. And I also have faith that the parties will effectively present ah of the evidence they believe will assist the court in resentencing Solis-Diaz.
Review granted at 187 Wn.2d 535.